Mr. James A. Badami, Executive Director Judicial Discipline Disability Commission 625 Marshall Street Little Rock, Arkansas 72201
Dear Mr. Badami:
This is in response to your request for an opinion on whether there is any law or rule restricting the presence of a member of the Judicial Discipline and Disability Commission's support staff during the closed sessions of the Commission. You note that a member of the support staff is needed to perform duties essential to the orderly function of the Commission meetings. These duties would include the taking of notes for the preparation of the minutes, making copies and/or the passing out of documents needed during a hearing. You also note that the current procedure of not having a support staff member present is cumbersome and causes unnecessary interruptions during the closed sessions.
It is my opinion that no relevant provision of law prohibits the action you suggest.
As you have noted, the Commission is created at A.C.A. §16-10-401 et seq. Section 16-10-404(b)(2) provides that all proceedings held prior to a determination of probable cause and the filing of formal charges shall be confidential. The rules promulgated by the Arkansas Supreme Court also provide for confidentiality, except in certain circumstances. (Rule 7(C), Per Curiam Order May 8, 1989, amended May 14, 1990 and July 16, 1990.) Sections D and E of that same rule provide as follows:
 It shall be the duty of the Commission and its staff to inform every person who appears before the commission or who obtains information about the commission's work of the confidentiality requirements of this rule.
 Any person who violates the confidentiality requirements of this rule shall be subject to punishment for contempt of the Arkansas Supreme Court.
The rules also set out the procedures for probable cause hearings and formal disciplinary hearings. Certain parties are granted a right to be present. See, e.g. Rule 9 (C), and Rule 11 (D). Both of these provisions also require that a verbatim record be kept. A legal transcriber is present in the closed sessions for this purpose.
It is my opinion that there is nothing in the relevant statutes or rules of court which would prohibit a Commission support staff member from being present at the "closed sessions." Although the rules do grant affirmative rights for certain parties to be present, I do not view that grant as a restriction on the presence of other necessary Commission staff. It should be noted, however, that the support staff employee will be subject to the confidentiality requirements of the statutes and the rules, and may be punished for contempt of court for violating these provisions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb